Judgment, Supreme Court, New York County (Rena K. Uviller, J), rendered March 26, 2008, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of five years’ probation, unanimously affirmed.
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations, in which it accepted the officer’s version of the incident. The record fails to establish that defendant was subjected to, or directed to perform upon himself, a body cavity search or any other type of bodily examination for which there are additional requirements beyond the fact of a lawful arrest (see People v Hall, 10 NY3d 303, 311 [2008]). After lawfully arresting defendant, an officer patted defendant down and felt, through defendant’s clothing, a hard object in defendant’s “buttocks area.” The officer asked defendant to remove the object, and defendant complied by simply reaching into his pants and taking out a bag of cocaine without undressing or even opening his belt. The hearing evidence does not establish that the bag was concealed in or protruding from defendant’s rectum, or that it was even between his buttocks cheeks. Contrary to defendant’s argument, we find that a meaningful distinction can be drawn between an object in an arrestee’s rectum or buttocks cheeks (see People v Maye, 12 NY3d 731 [2009]), and an object tucked into an arrestee’s pants in the vicinity of the buttocks, which *508 would be comparable to an object in a back pocket (see People v Placek, 58 AD3d 538 [2009], lv denied 12 NY3d 858 [2009]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.